## Charles S. Hankins et al.
### v.
## James C. Beatty.

*Negotiable Instruments—Note—Payment—Failure of Consideration—Fraud—Note Payable to Wife at Husband's Request—Evidence.*

In an action upon a note given in a transaction involving an exchange of real estate and made payable to the wife of one of the parties thereto at his request, this court holds insufficient as a defense a claim that the note was satisfied by the payment of costs and expenses incurred by the maker in enjoining the cutting of timber by third persons on the lands so taken by him in trade, and that it was the *bona fide* property of the payee.

[Opinion filed February 21, 1889.]

Appeal from the County Court of Macon County; the Hon. W. E. Nelson, Judge, presiding.

Mr. Edmund S. McDonald, for appellants.

Mr. W. C. Outten, for appellee.

Wall, P. J. This was assumpsit by the appellee against the appellants upon a promissory note signed by appellants, payable to Emma L. Miles, by whom it was indorsed after maturity to appellee. The defenses were failure of consideration, and payment. The case was tried by the court, a jury being waived, and there was judgment for the plaintiff, from which defendants appealed.

The note was given for the balance on an exchange of real estate between appellant Hankins, and J. J. Miles, husband of Emma L. Miles. It was made payable to Emma L. at the request of the husband, for the purpose, as he says, of securing her for money he owed her on account of funds previously received from her and used by him in his business.

The evidence of appellants is, that Miles said at the time of the trade that he wanted the deed received from Hankins

and this note made in the name of his wife in order to place
the same beyond the reach of his creditors.   After the trans-
action was complete and deed recorded, Hankins found that
persons were cutting and removing the timber from the land
conveyed to him by Miles, claiming the right to do so under
an arrangement made by them with Miles before the sale to
Hankins, by which Miles sold them all the soft timber on the
land.

Hankins obtained an injunction to stop the trespass-
ing, and then had an interview with Miles, in which the
latter agreed to pay $65 of the expense of the litigation.

The injunction was dissolved, but on appeal to the Appel-
late Court the decree was reversed and it was finally made per-
petual.    The expenses borne·by Hankins in the litigation
exceeded the amount of the note, and this, he insisted below
and now urges, was a valid defense to this suit.

Miles testified that before making the trade with Hankins,
he had sold the elm timber on the land (but no other timber)
for $100, and that Hankins was informed of it, and while the
latter does not admit this exactly, he admits that he knew
Miles had sold $100 worth of the elm timber.    The evidence
of Thayer corroborated Miles on this point.

It is probably true that Miles had sold the elm and Han-
kins bought with that understanding, but the trouble was that
the purchasers, who were irresponsible, were taking all the
soft timber.

If such was the case, the burden of the litigation would
devolve wholly upon Hankins, and the agreement of Miles to
bear any part of it would be without consideration; and even
if he were the owner of the note, the amount of such expense
could not be credited in this suit unless by reason of such
arrangement Hankins was led to occupy a position he would
otherwise not have taken.    This does not appear, however, for
he had already obtained the injunction when he interviewed
Miles about it, and he was in a position where he must
necessarily go forward in the course then begun.    He had no
alternative if he wished to stop the trespassing.

Aside from this view, however, we think there was evi-

dence to justify this judgment, on the ground that the note was *bona fide* the property of the wife, to whom it was made payable. If so, she, being the creditor of her husband, might well take and hold it clear of the defense interposed.

The question whether it was really his or her note, would depend upon the good faith of the transaction, and the trial court had superior facilities for passing upon this point. No propositions of law were presented, and we must presume the proper rules of law were applied to the evidence, and if there is an aspect of the case in which the proof may support the finding we should not interfere.

As the note was indorsed after maturity, the indorsee would hold it subject to all defenses available against the payee, but the proposed defense would not, upon the facts stated, be available against the payee. Appellants placed the note in the name of the wife, as they say, to enable the husband to perpetrate a fraud, but as he says, for the honest purpose of paying or securing her just claim against him.

The judgment will be affirmed.

*Judgment affirmed.*